*Formatted for Electronic Distribution*                                                                              *Not for Publication*

Filed & Entered
On Docket
September 14, 2012

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

    **Scott A. Wallett and**                                                       **Chapter 13 Case**

    **Sherry Wallett,**                                                               **# 11-10801**

                **Debtors.**

_____

*Appearances:*      Shawn M. Masterson, Esq.                    Rebecca A. Rice, Esq.
                            Schechtman Halperin Savage, LLP       Cohen & Rice
                            Pawtucket, Rhode Island                        Rutland, Vermont
                            For the Movant Creditor                             For the Debtors

## ORDER
### DENYING EVERBANK'S MOTION FOR POST-PETITION FEES AND EXPENSES

        The contested matter before the Court presents an issue of first impression, namely whether a mortgage creditor may collect post-petition attorney fees incurred to review the plan, prepare and file a proof of claim, and prepare and file a Bankruptcy Rule 3002.1 notice, if the debtors were current on the mortgage on the date they filed the bankruptcy case and the mortgage is secured by property other than the Debtors' primary residence.

        The Debtors commenced this Chapter 13 case by filing a petition for relief (doc. # 1) on August 31, 2011, at a time when the Debtors were current on their mortgage obligations held by the movant, and identified on the petition as Everhome Mortgage. According to the Debtors' Schedule D to their petition, the mortgage had a balance due of $18,025 and was fully secured by a first mortgage on the Debtors' parents' residence, located at 2138 Route 3, Florence, Vermont, valued at $135,000 (doc. # 1, pp. 9, 16). The Debtors filed a proposed plan that provided for the Debtors to continue to pay the mortgage directly to Everhome Mortgage, i.e., to treat the mortgage debt outside the plan (doc. # 5, p. 3, ¶ 3.a.). On October 24, 2011, counsel for EverBank filed an electronic notice of appearance and a proof of claim showing a balance due of $17,564.95 (claim # 8).[1] However, EverBank did not appear either in support of or opposition to the Debtors' Chapter 13 plan and, on November 22, 2011, the Court entered an order confirming the plan (doc. # 24). The Debtors have remained current on their debt to EverBank.

---

[1] The proof of claim asserted that the claim was fully secured, in the amount of $17,564.95; in the line for "Amount of arrearage and other charges as of time case filed included in secured claim, [i]f any," EverBank had filled in $300.00. On the next page, however, where the creditor provided a breakdown of the principal, interest, and other fees due, the $300.00 entry was described as "BK Attorney Fees (post-petition, pre-confirmation)." Though inconsistent with the proof of claim form, this explanation is consistent with the parties' acknowledgement that the Debtors were current at the time this case was filed.

On June 1, 2012, EverBank filed an Official Bankruptcy Form B10, "Notice of Post-Petition Mortgage Fees, Expenses, and Charges" regarding claim # 8 (doc. # 33), claiming attorney fees were due in the amount of $350.00. The only itemization for this amount was typed on the "[a]ttorney fees" line of the form and stated, "12/9/11 $300.00; 5/30/12 $50.00" (doc. # 33, p. 1, line 3). On August 2, 2012, EverBank filed a Motion for Approval of Post-Petition Charges and Fees Incurred (doc. # 34, hereafter the "Motion"), which sought an order directing the Debtors to pay the fees post-petition; it provided no further detail as to the basis for the attorney fees charged. The Debtors filed an Objection to the Motion asserting that: (i) the Debtors were current with the EverBank mortgage on the date of filing and the dates the attorney fees were incurred, (ii) Everbank has an obligation to disclose the nature of the services rendered pursuant to this Court's decisions in In re S.T.N. Enterprises, Inc., 70 B.R. 823 (Bankr. D. Vt. 1987) (Conrad, J.) and In re Fibermark, Inc., 349 B.R. 385 (Bankr. D. Vt. 2006), and (iii) the mortgage only allows for attorney fees that are reasonably necessary for the collection of the mortgage and where a debtor is current no fees are reasonably necessary for collection of the mortgage (doc. # 37). On September 4, 2012, the parties presented oral argument in support of their respective positions. In its presentation, EverBank specified the services rendered for the fees in question: $150 to prepare and file a proof of claim, $150 to review the plan, and $50 to file the Bankruptcy Rule 3002.1 notice. EverBank asserted that it reads Federal Rule of Bankruptcy Procedure 3002.1 to require that mortgagees file a proof of claim in order to be eligible to seek and collect post-petition charges. The Debtors contended that since there was no pre-petition debt due, there was no need for EverBank to file a proof of claim and no basis to require the Debtors to pay EverBank's attorney fees with respect to the proof of claim. The Court took the matter under advisement.

The Court is persuaded that EverBank and its counsel acted in good faith and filed the notice and proof of claim in a diligent effort to comply with Bankruptcy Rule 3002.1, which is new, having just gone into effect in December 2011. As noted on the record, this Court commends creditors who take the time to read Chapter 13 plans and engage counsel to ensure that an accurate and well-supported proof of claim is filed on their behalf. However, creditors are not always entitled to collect reimbursement from the debtor for their diligence. That is the case here, for three reasons, under the new rule.

First, Bankruptcy Rule 3002.1 creates a requirement for notices with respect to claims secured by a security interest in a debtor's principal residence. Here, the EverBank mortgage is not secured by a security interest in the Debtors' residence, but rather by one in the Debtors' parents' home (doc. # 1, pp. 9, 16, showing the Debtors own two parcels of real estate and the parcel that they claim as exempt as a homestead is their other real property, not the property securing the EverBank claim).

Second, the new rule articulates clearly that the requirements it sets out apply to mortgages that are in arrears on the date the bankruptcy case was filed and treated in the plan in accordance with § 1322(b)(5).[2] In the instant case, it is undisputed that the Debtors were not in default on date the petition was filed and that the Debtors are not making any payments to EverBank through the plan. Section (a) of the new rule makes these two criteria clear:

> (a)   In general. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest <u>in the debtor's principal residence</u>, and (2) <u>provided for under § 1322(b)(5) of the Code in the debtor's plan</u>.

Fed. R. Bankr. P. 3002.1(a) (2012) (emphasis added).

Since the rule is so new, there is little case law on point. There is one case, however, which shares the same salient facts and is thus informative. In <u>In re Garduno</u>, 2012 WL 2402789, 2012 Bankr. LEXIS 2899 (Bankr. S.D. Fla. June 26, 2012), the notice at issue was a Bankruptcy Rule 3002.1 notice of payment change (rather than a notice of post-petition charges), but there too the collateral was property other than the debtors' principal residence and the debtors' plan had no provision for payment of a pre-petition claim to the mortgagee who had filed the notice. The bankruptcy court held that these two facts rendered Bankruptcy Rule 3002.1 inapplicable to the creditor before it. In construing that holding, a sister court observed that though Bankruptcy Rule 3002.1 does not specifically state that it does not apply to a mortgagee whose claim is being paid outside a plan, such an inference may be drawn based upon the advisory committee notes that specify the rule was adopted to "aid in the implementation of § 1322(b)(5), which permits a chapter 13 debtor to cure a default and maintain payments of a home mortgage over the course of the debtor's plan." <u>In re Merino</u>, 2012 WL 2891112, *1, 2012 Bankr. LEXIS 3331, *2 (Bankr. M.D. Fla. July 16, 2012). While this observation is well founded, this Court intentionally makes no determination that creditors who hold mortgage claims that are current on the date of filing are prohibited from filing a Bankruptcy Rule 3002.1 notice; they simply are not required to do so. <u>See also</u> Standing Order # 11-04, ¶ (g)(2); Proposed Vt. LBR 3015-2(j)(7)(B).

Third, the new rule provides that, in response to the filing of a creditor's notice, a court must determine either that the fees and charges are required to cure a pre-petition default:

---

[2]   That provision of the Bankruptcy Code provides:

> (b)   Subject to subsections (a) and (c) of this section, the plan may—   . . .
>
>    (5)   notwithstanding paragraph (2) of this subsection, <u>provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any</u> unsecured claim or <u>secured claim on which the last payment is due after the date on which the final payment under the plan is due</u> . . ..

11 U.S.C. § 1322(b)(5) (2012) (emphasis added).

3

>   (e)    Determination of fees, expenses, or charges. On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to <u>cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.</u>

Fed. R. Bankr. P. 3002.1(e) (2012) (emphasis added). Since the fees EverBank seeks are not required to cure a default of its debt, this is an additional basis for finding it was not required to file a Bankruptcy Rule 3002.1 notice in the instant case.

A creditor holding fully secured, allowed claim may seek post-petition fees if the fees are authorized under the terms of its contract with the debtor. <u>See</u> 11 U.S.C. § 506(b). The first prong of the statute is satisfied, as the Debtors do not dispute that EverBank holds an allowed fully secured claim and treat EverBank as a fully secured creditor in the confirmed plan. Turning to the second prong, the EverBank note contains a standard provision in which the Debtors agreed to pay reasonable attorney fees in the event of default:

>   (E)    Payment of Note Holder's Costs and Expenses
>
>   If the Note Holder has required [the Debtors] to pay immediately in full as described above[ <u>i.e.</u>, in the event of default], the Note Holder will have the right to be paid back by [the Debtors] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Claim # 8, p. 5, ¶ 6(E). Similarly, the mortgage specifies that the Debtors will reimburse EverBank if EverBank incurs attorney fees to protect its interest, <u>inter alia</u>, in a bankruptcy proceeding.

>   . . . Lender's actions [to protect Lender's interest in the Debtors' property] can include, but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.

Claim # 8, pp. 15–16, ¶ 9. Hence, EverBank would be entitled to collect its attorney fees from the debtors under the specified circumstances. However, the record reflects that none of these circumstances are present here. EverBank was not required to file a proof of claim to protect its interest in the property or its secured position in this case, and the Debtors were not in default on the mortgage held by EverBank. Consequently, the Debtors are under no obligation under either the note or mortgage to reimburse EverBank for the attorney fees it incurred for the preparation and filing of a proof of claim, the review of the Debtors' plan, or the preparation and filing of a Bankruptcy Rule 3002.1 notice.

In summary, the Court finds that Bankruptcy Rule 3002.1 does not require EverBank to have filed a notice of post-petition fees because the collateral securing EverBank's mortgage is not the Debtors' primary residence and the EverBank claim is not treated in the plan pursuant to § 1322(b)(5). The Court further finds that the fees EverBank seeks for preparing and filing the proof of claim, reviewing the Debtors' plan, and preparing and filing the Bankruptcy Rule 3002.1 notice in this case, where (i) the Debtors were current on the date the petition was filed, and (ii) the plan acknowledged the EverBank debt was fully secured and to be paid outside the plan, do not fall within the scope of attorney fees allowed under the terms of the note and mortgage. Thus, EverBank is not entitled to collect these fees from the Debtors under either the Bankruptcy Code or applicable non-bankruptcy law. See 11 U.S.C. §§ 330 and 506; see also Fibermark, 349 B.R. at 393.

Accordingly, IT IS HEREBY ORDERED that the post-petition attorney fees that EverBank seeks to collect, as identified in its Bankruptcy Rule 3002.1 notice, are disallowed; the Debtors' objection to the notice is sustained; and EverBank's motion for approval of those fees is denied.

SO ORDERED.

September 14, 2012  
Burlington, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge